United States District Court
District of Massachusetts

| | |
|---|---|
| THE STATES OF CALIFORNIA AND ILLINOIS *EX REL.* CHRIS WIBLE, ) ) ) ) Plaintiffs, ) ) v. ) ) WARNER CHILCOTT PLC, WARNER ) CHILCOTT CORPORATION, WARNER ) CHILCOTT (US) LLC, WARNER ) CHILCOTT FINANCE LLC, and WARNER ) CHILCOTT COMPANY LLC, ) ) Defendants. ) ) | Civil Action No. 11-11143-NMG |

## MEMORANDUM & ORDER

GORTON, J.

The relator in this qui tam federal False Claims Act and state law action, Chris Wible ("relator" or "Wible"), alleges that various Warner Chilcott entities (collectively, "Warner Chilcott" or "defendants") engaged in a fraudulent scheme to obtain reimbursement from private insurers for prescriptions of the branded osteoporosis drugs Actonel and Atelvia. Wible filed his initial complaint in June, 2011, has amended the complaint twice to date and now seeks leave to file a third amended complaint to address deficiencies identified in defendants' pending motion to dismiss. He also requests leave to conduct limited discovery over a sixty-day period before responding to the motion to dismiss.

-1-

I.  **Background**

In June, 2011, Wible filed his initial Complaint, under seal, on behalf of the United States, the states of California, Connecticut, Delaware, Florida, Georgia, Hawaii, Oklahoma, Rhode Island, Tennessee, Texas, Virginia and Wisconsin, and the District of Columbia.  In February, 2013, the United States and three states notified the Court that they would not intervene in this action and the Complaint was unsealed.

In April, 2013, Wible filed a First Amended Complaint which added a claim of retaliatory discharge and claims under the California Insurance Frauds Prevention Act, Cal. Ins. Code § 1871 et seq. ("CIFPA"), and the Illinois Insurance Claims Fraud Prevention Act, 740 Ill. Comp. Stat. § 92/1 et seq. ("IICFPA").

In September, 2013, Wible filed a Second Amended Complaint.  Three months later, he gave notice of voluntary dismissal of 27 of the 30 counts in the Second Amended Complaint.  The three remaining counts allege violations of the CIFPA (Count III), the IICFPA (Count X), and the anti-retaliation provision of the federal False Claims Act, 31 U.S.C. § 3730(h) (Count XXX).

The defendants moved to dismiss on December 20, 2013, arguing that 1) the Second Amendment Complaint fails to state a claim for retaliation under the False Claims Act and 2) the Court should either decline to exercise supplemental jurisdiction over the state law claims or dismiss them for lack

of standing or failure to state a claim. Shortly before the deadline to respond to that motion expired, Wible moved for permission either to conduct limited discovery before responding or, in the alternative, for a 30-day extension of time to file an amended complaint. The Court entered a notice that it would deem the deadline to respond to the motion to dismiss tolled until it resolved that motion. While that motion was pending, Wible moved to file a Third Amended Complaint. Defendants oppose both motions.

## II. **Relator's motion for leave to file third amended complaint**

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its complaint once as a matter of course either before the other party files a responsive pleading or 21 days thereafter. Fed. R. Civ. P. 15(a)(1). All other amendments require the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." Id. Although Rule 15 has been construed liberally, amendment is not warranted if it would be futile or reward undue or intended delay. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). The movant has the burden of showing a "valid reason for his neglect and delay" in seeking to amend when "considerable time has elapsed between the filing of the complaint and the motion to amend." Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983).

Although the Court is disinclined to delay resolution of this case, it finds that justice requires allowing Wible leave to amend one last time to address deficiencies identified for the first time in defendants' motion to dismiss. His two previous amendments added claims and parties but did not supplement the factual support for his fraud claims. Even though Wible concedes that the factual support for his amendment has been within his possession since he filed his original Complaint, he has not engaged in undue delay in seeking to amend after the defendants pointed out deficiencies in the Second Amended Complaint.

The Court rejects defendants' contention that amendment would be futile. Wible has made a colorable showing that the proposed amendment addresses deficiencies brought out in the motion to dismiss and the Court has yet to address the merits of that motion or Wible's claims to relief.

Because the Court will allow Wible to file a Third Amended Complaint, it finds that defendants' motion to dismiss is moot. See Cryer v. Spencer, 934 F. Supp. 2d 323, 329 (D. Mass. 2013).

### III. Relator's motion for limited discovery

Wible's motion for limited discovery will, however, be denied. The First Circuit has not authorized limited pre-amendment discovery outside of cases involving claims brought under the RICO statute. In New England Data Services, Inc. v.

Becher, the First Circuit explained that district courts faced with a motion to dismiss for failure to plead with particularity a claim arising under the Racketeering Influenced and Corrupt Organizations (RICO) statute as required by Fed. R. Civ. P. 9(b) should first determine if Rule 9(b) is satisfied. New Eng. Data Servs., Inc. v. Becher, 829 F.2d 286, 291-92 (1st Cir. 1987). If the RICO claim does not satisfy Rule 9(b), the court should then determine whether it is appropriate to allow the plaintiff to conduct limited discovery and to amend his claims rather than dismissing them outright. Id.

The First Circuit subsequently confirmed that the Becher rule created a "special gloss in the RICO context" that does not extend to other claims of fraud. Ahmed v. Rosenblatt, 118 F.3d 886, 889-90 (1st Cir. 1997); see also Feinstein v. Resolution Trust Corp., 942 F.2d 34, 43 (1st Cir. 1991) (explaining that the failure to plead fraud with specificity warrants dismissal without discovery in "garden-variety" fraud cases).

Moreover, the First Circuit has declined to extend Becher discovery to qui tam actions brought under the False Claims Act. United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 229-31 (1st Cir. 2004). In Karvelas, the First Circuit held that

> a qui tam relator may not present general allegations in lieu of the details of actual false claims in the

>   hope that such details will emerge through subsequent
>   discovery.

Id. at 331. Here, Wible's Second Amended Complaint does not describe a single false claim that was submitted to the third party insurers and therefore the Court doubts that discovery from those insurers will merely "bolster" the allegations already in his complaint. Cf. id. at 230-31 (explaining that allowing relators to plead generally at the outset and then amend their complaints at the Fed. R. Civ. P. 12(b)(6) stage following discovery would be at odds with the procedures and purposes of the False Claims Act).

Finally, the Court is not persuaded to follow the District of Maine in allowing Becher discovery in non-RICO fraud cases in light of clear First Circuit precedent limiting the two-step process to RICO wire and mail fraud claims. See, e.g., J.S. McCarthy Co. v. Brausse Diecutting & Converting Equip., Inc., 340 F. Supp. 2d 54, 59-60 (D. Me. 2004). Wible may file a Third Amended Complaint but he will not be permitted to conduct discovery of third party insurers before responding to a motion to dismiss.

## ORDER

For the foregoing reasons,

1) Relator's motion for leave to file a Third Amended Complaint (Docket No. 54) is **ALLOWED**;

2) Defendants' motion to dismiss the Second Amended Complaint (Docket No. 47) is **DENIED AS MOOT**; and

3) Relator's motion for 60-day period of limited discovery before responding to motion to dismiss (Docket No. 49) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 1, 2014